DECISION
{¶ 1} Relator, John W. Timson, commenced this original action requesting a writ of mandamus ordering respondents, L. Proper, dba Veterans in Transition, Inc., et al., to produce certain alleged public records requested by relator pursuant to R.C. 149.43.
 {¶ 2} Pursuant to Civ.R. 53(C), and Loc.R. 12(M), of the Tenth District Court of Appeals, this matter was referred to a magistrate. On January 24, 2002, respondents moved for summary judgment pursuant to Civ.R. 56. The motion was supported by the affidavit of Raymond Prior. Prior's affidavit indicates that respondents have already performed the act which relator seeks to compel in this action. Respondents' performance is not disputed.
 {¶ 3} Based upon the motion for summary judgment and supporting affidavit, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate recommends that this court grant respondents' motion for summary judgment.
 {¶ 4} No objections have been filed to the magistrate's decision.
 {¶ 5} Finding no error of law or other defect upon the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondents' motion for summary judgment is granted.
Motion for summary judgment granted; Writ of mandamus denied.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT {¶ 6} In this original action, relator, John W. Timson, requests a writ of mandamus ordering respondents to provide him certain alleged public records which relator allegedly requested under R.C. 149.43.
Findings of Fact:
 {¶ 7} 1. On September 4, 2002, relator, who alleges that he is a concerned citizen and homeless veteran, filed this original action against respondents. Veterans in Transition, Inc. ("VITI"), was named as one of three respondents. L. Proper and Wesley E. Leggett were also named as respondents allegedly doing business as VITI.
 {¶ 8} 2. According to the complaint, relator served several requests on the respondents for the production of public records pursuant to R.C. 149.43. Those requests allegedly occurred during August 2002. According to the complaint, relator has attempted unsuccessfully to telephone the offices of VITI. According to the complaint, relator mailed a public records request on August 13, 2002, and on August 22, 2002, he faxed a public records request. According to the complaint, respondents have failed to respond to the public records requests in violation of their duty under R.C. 149.43.
 {¶ 9} 3. On January 24, 2002, respondents moved for summary judgment under Civ.R. 56. The motion is supported by the affidavit of Raymond Prior executed January 17, 2003. Mr. Prior avers that he is the secretary treasurer and a board member for VITI.
 {¶ 10} 4. According to Mr. Prior's affidavit, prior to the filing of the instant complaint, he had received requests from relator for information regarding VITI. According to the affidavit, upon receiving those requests, Mr. Prior would respond in writing to the request; however, each response was returned to Mr. Prior by the post office. Mr. Prior attaches to his affidavit a copy of an August 23, 2002 letter that he allegedly sent to relator. The August 23, 2002 letter contains information regarding VITI. Mr. Prior also attaches copies of letters from relator that he received and responded to.
 {¶ 11} 5. On January 27, 2003, the magistrate issued notice to relator at his last known address that respondents' motion for summary judgment was set for submission to the magistrate on February 10, 2003.
 {¶ 12} 6. Relator has failed to respond to the magistrate's January 27, 2003 notice or to respondents' motion for summary judgment.
Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondents' motion for summary judgment.
 {¶ 14} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337,339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 15} Civ.R. 56(E) states in part:
 {¶ 16} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 17} Respondents have supported their motion for summary judgment with an affidavit indicating that respondents have performed the act which relator seeks to compel in this action. Relator has not disputed this. He has not filed an affidavit showing that there exists a genuine issue of material fact.
 {¶ 18} The magistrate finds that there is no genuine issue of material fact, that respondents are entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to relator against whom the motion for summary judgment is made, said relator being entitled to have the evidence construed most strongly in his favor.
 {¶ 19} Accordingly, it is the magistrate's decision that this court grant resopndents' motion for summary judgment.